**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DWAYNE D. BACON | : |
|     Plaintiff | : |
| v | :       Civil Action No. AW-06-261 |
| STATE OF MARYLAND | : |
|     Defendant | : |

o0o

**MEMORANDUM**

The above-captioned civil rights action was instituted on January 31, 2006, upon receipt of Plaintiff's Petition for Appointment of Counsel.  Plaintiff asserts that on October 1, 2005, he was beaten by another inmate and, in spite of pleas for intervention, correctional officers continued the 10:00 count.  Paper No. 1.  He claims the assault was not reported to prison officials until an officer on the following shift found him sitting on his bed, covered in his own blood.  *Id*.  He seeks appointment of counsel to represent him in the matter.  *Id*.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *see Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.  *Id*.  Upon consideration of Plaintiff's demonstrated ability to relate the essential facts of his claim and the absence of any known circumstances noted that preclude

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

Plaintiff from presenting the claim for review, this Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself, or secure meaningful assistance in doing so. Moreover, Plaintiff's failure to protect claim is not unduly complicated. Therefore, this Court concludes that there are no discernible exceptional circumstances which would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1) at this time. His motion shall be denied without prejudice.

Before this case may move forward, Plaintiff will be required to file an amended Complaint and either the $250.00 filing fee or a Motion to Proceed In Forma Pauperis. In filing an amended Complaint, Plaintiff must complete the pre-printed forms used for filing a civil rights action under 42 U.S.C. § 1983 and provide the names of individual prison officials who failed to intervene during the alleged assault. Plaintiff is forewarned that failure to file an amended Complaint will result in the dismissal of his claim without further notice from this Court.

A separate Order follows.


Date: <u>February 28, 2006</u>              _____/s/_____
                                             Alexander Williams, Jr.
                                             United States District Judge