## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DWAYNE D. BACON | : |
|    Plaintiff | : |
| v | :    Civil Action No. AW-06-261 |
| STATE OF MARYLAND and KATHLEEN GREEN | : |
| | : |
|    Defendants | |

o0o

## **MEMORANDUM**

Pending in the above-captioned civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 21. Plaintiff has filed an Opposition to the motion. Paper No. 23. Upon review of the papers filed, this Court finds a hearing in this matter unnecessary at this time. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, shall be granted in part and denied in part.

Background

Plaintiff, an inmate at Eastern Correctional Institution, alleges that while he was being attacked by his cell mate his screams for assistance were ignored by correctional officers conducting a count on the housing unit tier. Paper No. 1. Plaintiff alleges that the assault began at 10:00 p.m., but he did not receive any assistance until more than one hour later after the shift changed. *Id*. Officer Giza was called over to the cell by Plaintiff's cell mate, who requested medical assistance for himself. *Id*. Plaintiff's injuries required his transport to a hospital for emergency medical treatment, while his cell mate was kept in the prison medical unit for 24 hours of surveillance. *Id*. Plaintiff asserts that his injuries required sutures to his scalp, forehead, areas near both eyes, and nose. *Id*. In addition, Plaintiff asserts his left jaw, nose and

cheekbone were fractured. *Id*.

## Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

The State of Maryland is not a person within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Motion to Dismiss shall be granted with respect to this Defendant.

In order to prevail on his Eighth Amendment claim based upon a failure to protect from violence, Plaintiff must establish that prison personnel exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

Accepting Plaintiff's allegations as true, and in light of Defendant's failure to refute the allegations regarding Plaintiff's injuries, the Court finds that the injuries sustained were sufficiently serious for purposes of a constitutional claim.

Defendant Green asserts that an Eighth Amendment claim is not stated in this case because: Plaintiff's cell mate was not listed as his enemy; there had been no reports that Plaintiff

4

had a problem with his cell mate; and there was no violation of a prison regulation requiring 15 minute cell checks as alleged by Plaintiff. Paper No. 21 at pp. 3– 4. Defendant Green does not address Plaintiff's allegation that officers on the tier, who were in a position to hear his cries for help, failed to intervene during his assault. To suggest that the absence of foreknowledge about animosity between Plaintiff and his cell mate somehow insulates officers who disregard cries for assistance during an assault is specious. There is a genuine dispute of material fact regarding the actions of the officers conducting count during Plaintiff's assault.

Defendant Green asserts the defense of qualified immunity because her conduct did not violate any clearly established legal rules. Paper No. 21 at p. 7. When considering whether a defendant is entitled to avail himself of a qualified immunity defense, this Court must consider whether, at the time of the claimed violation, this right was clearly established and "whether a reasonable person in the official's position would have known that his conduct would violate that right." *Rish v. Johnson*, 131 F. 3d 1092, 1095 (4th Cir. 1997). "In particular, . . . qualified immunity protects law officers from 'bad guesses in gray areas' and it ensures that they may be held personally liable only 'for transgressing bright lines.'" *Gomez v. Atkins*, 296 F. 3d 253, 261 (4th Cir. 2002) quoting *Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992).

It is not alleged that Defendant Green participated in actively ignoring Plaintiff's cries for help. Plaintiff asserts in his opposition, however, that he repeatedly requested names of the correctional staff conducting count on his tier, and Green never responded to those requests. Paper No. 23 at p. 3. To the extent that Green now relies on the absence of the named Defendants who allegedly ignored Plaintiff's cries for help in seeking to dismiss his claim, that reliance must fail. There is a genuine dispute of material fact regarding Defendant Green's

withholding of information in this case; and her knowledge regarding practices leading or contributing to the conduct alleged.  In addition, the Court finds that, accepting the allegations as true, the conduct alleged transgressed a bright line.

   Plaintiff requests appointment of counsel in his Opposition to Summary Judgment.  His request shall be granted and appointed counsel shall be granted leave to amend the complaint to include additional Defendants.

<u>July 27, 2006</u>              _____/s/_____
Date                  Alexander Williams, Jr.
                    United States District Judge